THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MILTON ARNOLD, Defendant-Appellant.

Third District   No. 75-381

Opinion filed April 28, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Barbara Badger, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial, the defendant, Milton Arnold, was found guilty of the offense of robbery and was thereafter sentenced by the circuit court of

Will County to a term of from 3 to 9 years to the Department of Corrections.

On this appeal two issues are raised. First, the defendant argues the trial court erred in refusing to give his instruction and verdict form relating to the offense of theft by threat. Second, the defendant argues his sentence was excessive.

Because of the nature of the issues presented on this appeal, it is necessary to set forth the facts only briefly. The chief witness for the prosecution was George Brown, manager of a Clark Service Station in Joliet, Illinois. According to Brown, at about 12:55 p.m. on December 13, 1974, an individual operating a 1968 black-over-grey Toronado entered the filling station premises on the driveway near the center island. The driver requested $3 worth of gasoline. While pumping the gasoline Brown noticed the car had no license plates. After filling the car with the gasoline requested, Brown approached the driver's side of the car. As he did so, he noticed that the driver had extended his arm out through the open window and had a $10 bill in it. The driver told Brown "don't move." Brown glanced into the car and saw the driver's right hand pointed toward him. He could not see what was in the driver's hand since it appeared to be covered with either a cloth or paper, but Brown believed there was a gun in the driver's hand. The driver demanded Brown's money and Brown immediately complied by turning over to the driver approximately $65. After inquiring whether there was any more money and receiving a negative response, the driver drove off in his car.

Brown reported the incident to the police department and a radio transmission was sent out to all police cars in the area describing the car and driver. About 10 or 15 minutes after the reported incident, a car matching the description given by Brown, *i.e.*, a black-over-grey 1968 Toronado without license plates, was observed by a police officer. The car was stopped and the driver arrested without incident. A search of the car and driver revealed a wallet and bumper jack wrapped in a towel together with $71 in bills in the driver's breast pocket. The defendant Arnold was identified by Brown at the trial as the person who drove the vehicle and took his money.

Arnold testified in his own behalf. He admitted being at the Clark filling station in Joliet at about 1 p.m. on December 13, 1974. According to Arnold, he purchased $3 worth of gasoline paying for the same with a $10 bill and receiving $7 in change. He denied that he had ever threatened the attendant or that he had demanded or received any money from the attendant. He detailed his movements for a period of one or two hours prior to the time of the incident and claimed that the cash in his breast pocket was the balance of his paycheck which he had cashed the night before.

During the conference on instructions, the defendant tendered an instruction on theft by threat and a verdict form in accord with the instruction. The court refused to give both instruction and verdict form. The instruction provided:

> "To sustain the charge of theft, the State must prove the following propositions:
>
> FIRST: That George Brown was the owner of the money in question; and
>
> SECOND: That the defendant by threat knowingly obtained control over the money; and
>
> THIRD: That the defendant intended to deprive George Brown permanently of the use or benefit of the money * * *."

The jury found defendant guilty of robbery as charged.

We shall first consider the propriety of the court's ruling refusing to give the instruction on theft by threat.

■■ The general rule is that a defendant is entitled to have the jury instructed on any state of facts which, if believed by the jury, would support his theory of defense. (*People v. Scott*, 401 Ill. 80, 81 N.E.2d 426.) Where there is evidence which, if believed by the jury, would support a conclusion the defendant was guilty of a lesser offense than that charged, then the jury should be instructed on the lesser offense. See *People v. Harris*, 8 Ill. 2d 431, 134 N.E.2d 315; *People v. Jones*, 384 Ill. 407, 51 N.E.2d 543.

■■ Defendant contends the offense of theft by threat is, at least under the circumstances of this case, a lesser included offense within the charge of robbery. A lesser included offense is defined by statute (Ill. Rev. Stat. 1975, ch. 38, par. 2—9) as follows:

> " 'Included offense' means an offense which
>
> (a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or
>
> (b) Consists of an attempt to commit the offense charged or an offense included therein."

An essential element of the offense of robbery is the use of force or the threat of the imminent use of force. (*People v. Carpenter*, 71 Ill. App. 2d 137, 217 N.E.2d 337.) According to defendant, the threat which is an element of the theft by threat offense is less serious conduct both in quantity and quality than is the threat by the use of imminent force required to support the charge of robbery and therefore, the offense of theft by threat should be deemed a lesser included offense. As an abstract theory this contention might be true. However, as it relates to the evidence presented in this case and revealed by the record, we do not believe the theory has any support. The evidence in this respect is

indivisible. The only threat was the imminent use of force. Either the evidence showed a threat to use imminent force or it showed no threat at all. Under the circumstances, the instruction and verdict form were properly refused by the trial court.

This brings us to the argument of defendant that his sentence is excessive. The major reason advanced by the defendant to support this contention is a finding and recommendation by the probation officer that probation would be a suitable sentence and best serve to rehabilitate the defendant.

At the sentencing hearing, not only was there the evidence of the probation officer, but other evidence was also presented. Defendant himself presented the evidence of his good work record, his good war record, as well as his family circumstances. However, the prosecution also presented evidence that defendant had previously committed an armed robbery and a robbery in 1971 for which he received concurrent terms of imprisonment of from 2 to 3 years. Defendant had successfully completed his parole and was discharged from these sentences early in 1974, the same year the offense involved in the instant case occurred.

■■ Unquestionably the trial court may decline to accept the recommendation of a probation officer and no contrary claim is made by the defendant. Rather, the defendant insists the trial court should have imposed a sentence in accord with the recommendation since it was also consistent with the other facts and circumstances of the offense and the offender. We do not agree with this contention. Without dwelling on the evidence presented at the sentencing hearing, we believe it is sufficient to say that the trial court can hardly be faulted for imposing a sentence only slightly more severe than those imposed for two prior robberies, whose sentences had been completed less than one year before the commission of the offense in this case. We find no reason for disturbing the sentence imposed.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.